# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**DANIEL GEORGE CORRING**                                      **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 1:11cv262-LG-RHW**

**PEARL RIVER COUNTY,** *et al*.                                  **DEFENDANTS**

## REPORT AND RECOMMENDATION

Acting *pro se*, Daniel George Corring filed this prisoner civil rights lawsuit July 11, 2011, pursuant to 42 U.S.C. § 1983, complaining of the conditions of his confinement at the Pearl River County jail. During a *Spears*/omnibus hearing on November 15, 2011, Corring agreed to dismiss his claims for denial of access to courts and failure to protect, leaving only his claim for inadequate medical care. At the November hearing, the Court granted Plaintiff's *ore tenus* motion to amend his complaint, and the Court granted Plaintiff until January 18, 2012 to file an amended complaint "to include the names of the nurses whom he wishes to make defendants in this case, and stating the facts as to what each nurse did that resulted in violation of Plaintiff's constitutional rights." *See*, Order [28]. On January 10, 2012, the Court entered [46] an order allowing the *pro se* Plaintiff to amend his complaint to add as defendants Rita Lumpkin and Brenda Monzon, and directing the Clerk to issue summons for the new defendants, at last known addresses which the Court had required counsel for Pearl River County to provide. The Clerk issued process January 11, 2012; Lumpkin was served February 14, 2012, and filed her answer on March 6, 2012. *See*, docket entries [49], [50]. However, although the U.S. Marshal Service made several attempts to serve Monzon, those efforts proved futile and the summons was returned unexecuted on March 29, 2012. *See*, docket entry [51]. The Court expressly warned Plaintiff during the omnibus hearing that if the nurses were not served, they would not be part of

his lawsuit – that it was not the responsibility of the Court or defense counsel to locate them for Plaintiff, and Plaintiff acknowledged he understood.

After the process for Monzon was returned unexecuted, on April 4, 2012 the Court entered [52] an order explaining to Plaintiff that Rule 4(m), FED.R.CIV.P., requires service of the summons and complaint upon the defendant within 120 days after the filing of the complaint, which, as to Monzon would expire May 9, 2012.[1] The order warned Plaintiff that unless he provided "some new address to allow process to be served on Monzon prior to May 9, 2012, the undersigned will recommend dismissal of the complaint as to Brenda Monzon." On May 2, 2012, Plaintiff filed a motion seeking extension of the discovery deadline and requesting that summons be re-issued to Monzon at the identical address where the Marshal's many attempts at service had proved unsuccessful. On May 3, 2012, the Court granted the motion to the extent that discovery was extended. However, noting that "Plaintiff has presented nothing to indicate why additional process to the same address might prove successful" for Monzon, the Court declined to again issue process to the same address. *See*, docket entry [55]. Plaintiff has provided no further information as to where Monzon might be served with process.

### **RECOMMENDATION**

In light of the foregoing, the undersigned recommends that this case be dismissed without prejudice as to Brenda Monzon, so that the consent to the exercise of jurisdiction by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and FED.R.CIV.P. 73,[2] may be entered and this case can proceed.

---

[1] The complaint as to Monzon was filed as of January 10, 2012.

[2] All other parties have executed the consent.

# NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (Dec.1, 2011), after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file written objections to the Report and Recommendation. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge. Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 16th day of May, 2012.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE